## Pictorial Review Company v. Musser, Mayor, et al.

*Municipal trades tax — Interstate commerce — Magazine subscriptions — Constitutional law.*

The solicitation from house to house of subscriptions to a magazine which is published in another state and mailed from there to subscribers is interstate commerce and cannot be interfered with by municipal authorities for violation of a municipal ordinance for the collection of a license tax on trades.

Bill for injunction. Decree *pro confesso.* C. P. Lancaster Co., Equity Docket No. 7, page 97.

*J. Andrew Frantz,* for plaintiff.

HASSLER, J., Oct. 4, 1924.—No appearance or answer having been filed in this case, on Aug. 28, 1924, a decree that the bill be taken *pro confesso* was entered in accordance with Rule 13 of the Equity Rules now in force. Under Rule 29 of the same, the case was put upon the Equity Argument List by the plaintiff, so that "the matter of the bill may be decreed." The bill asks for an injunction to restrain the defendants from "interfering with, molesting and prohibiting in any manner whatsoever the business of your orator within the City of Lancaster, and from instituting any summary proceedings at law for such purpose," and also for such other and further relief as may seem fit and the exigency of the case may require.

The material facts are as follows:

1. The Pictorial Review Company, the plaintiff, is a corporation of the State of New York, and engaged in the business of publishing, selling and distributing a monthly magazine called the Pictorial Review. Its publishing plant and main business office is located in New York City.

2. It employs agents and solicitors in the various towns to obtain subscriptions for and to sell its magazine, and has done so in the City of Lancaster, Pennsylvania.

3. Its manner of conducting business in the City of Lancaster is as follows: Its solicitors made a door-to-door canvass for the purpose of obtaining subscriptions. The magazine is offered in one of two plans. First, a down-payment of 75 cents and four successive monthly payments of 50 cents; and, second, a down-payment of $1 and three successive monthly payments of 75 cents, 50 cents and 50 cents. The solicitors are provided with credentials, consisting of written authority from the plaintiff. When a subscription is obtained, it is sent to a branch office in the City of Philadelphia and by them forwarded to the main office in New York City. The monthly issues of the magazine are sent direct to the subscribers.

4. Frank C. Musser, one of the defendants, is, and has been for some time, Mayor of the City of Lancaster, and Guy H. Eckman, the other defendant, is, and has been for some time, Chief of Police of the said City of Lancaster.

5. Since March 1, 1924, through duly appointed police officers of the City of Lancaster, the said defendants have, at divers times, interfered with, molested and endeavored to prohibit the solicitors of the plaintiff from obtaining subscriptions to its magazine, by arresting, threatening and intimidating them, its solicitors. On several occasions they have unlawfully detained these solicitors under arrest without any charges being preferred against them.

6. On or about June 19, 1924, the said defendants caused two of the plaintiff's agents and solicitors to be arrested and brought to the police station, where they were discharged, having first entered their own recognizance to appear the following day. When they appeared on the following day, they were questioned and discharged, having first been warned against the further

soliciting of subscriptions on behalf of the plaintiff within the City of Lancaster.

7. This course of conduct by the defendants has interfered with the business of the plaintiff in the said City of Lancaster.

A preliminary injunction was granted on the bill filed by the plaintiff on July 26, 1924. There can be no question that the business in which the plaintiff is engaged is interstate commerce, and as such cannot be legally interfered with in the way the defendants have interfered with it. We can add nothing to the well-considered opinion of Judge Hargest on this subject, in the case of City of Harrisburg *v.* Rice, 3 D. & C. 513, in which he decided, on the authority of numerous cases cited by him, that a solicitation from house to house of subscriptions to a magazine which is published in another state, and distributed by mail when the solicitor sends the subscription to the home office, is a transaction in interstate commerce, and such solicitor is, therefore, not liable for the payment of a fine for the violation of a municipal ordinance which authorizes and regulates "the assessment, levy and collection of a license tax on trades, occupations and various kinds of business within the City of Harrisburg, and providing penalties for the violation thereof." One of the trades, occupations or kind of business included in the act is agents canvassing for books, periodicals or other publications. As no answer has been filed by the defendants, we do not know upon what authority, or for what reasons, the solicitors of the plaintiff were arrested and interfered with, excepting that on one occasion they were warned against further soliciting subscriptions to the plaintiff's magazine. It is clear, however, from the case above cited, that they cannot be interfered with or prevented from soliciting subscriptions for a magazine published by the plaintiff, and we, therefore, adjudge, order and decree that the preliminary injunction issued in this case be made permanent, defendants to pay the costs. The solicitor for the plaintiff will prepare a decree in proper form.

From George Ross Eshleman, Lancaster, Pa.